C. C. KELLY BANKING CO. *v.* J. M. ROBINSON-NORTON CO.

1. ATTACHMENT.  *Garnishment. Who may issue.  Code* 1892, §§ 134, 135, 136, 2131.

Section 136, code 1892, authorizing officers to summon garnishees by writs of garnishment issued and served by themselves, does not destroy or abridge the power conferred by § 2131, code 1892, on circuit clerks or other officers who issue attachments to insert an order for garnishment as part thereof, or their power under §§ 134, 135, code 1892, to issue duplicate and *alias* writs of attachment and garnishment.  Section 136 is merely supplementary to these, and is intended to meet cases where officers, holding writs of attachment, without suggestions of garnishment therein, may be requested to summon garnishees.

2. SAME.  *Garnishment. Alias writ. Issuance by clerk.*

If the circuit clerk or other officer who issued the original attachment writ, afterward, on suggestion of plaintiff, issues a simple writ of garnishment for designated persons, instead of an *alias* writ of attachment and garnishment, as provided by §§ 134, 135, code 1892, the writ is not void, but merely defective, and may be amended.  It is error to quash it.

FROM the circuit court of Attala county.

HON. C. H. CAMPBELL, Judge.

A writ of attachment was issued by the circuit clerk of Attala county, at the suit of appellant, the C. C. Kelly Bank-

ing Company, against Hollingworth & Son, and was by the sheriff levied on the stock of goods of defendants. The sheriff also seized the books of account of the defendants, and, from these, a list of persons indebted to them was secured, and thereupon the plaintiff filed with the circuit clerk a suggestion for garnishment, and the clerk issued a writ of garnishment, reciting such suggestion, and directing the sheriff to summon, as garnishees, the parties whose names had been furnished. This writ was in form a simple writ of garnishment, and did not embody any *alias* or duplicate writ of attachment, and, under it, the persons named in it were summoned as garnishees.

The attachment by appellant was followed by others at the suit of sundry creditors of defendants, and, among them, the appellee, the J. M. Robinson-Norton Company, which, having obtained a writ of attachment and placed it in the hands of the sheriff, caused him to issue and serve writs of garnishment for many of the same persons who had been garnished as above stated in the suit of appellant. All the attachments were sustained, and judgments rendered against the defendants, and thereupon the C. C. Kelly Banking Company asked for judgment against certain garnishees, among others, against one Miller, who had answered admitting indebtedness. The J. M. Robinson-Norton Company, which had likewise caused Miller to be garnished, obtained leave to intervene in the suit of the C. C. Kelly Banking Company, and, for the purpose of contesting the validity of its garnishments, moved the court to quash the writ of garnishment which had been issued by the clerk and served by the sheriff in the suit of the said banking company against Miller. The contention of the intervenor is that, under § 136, code 1892, *after* issuance of the original writ of attachment, only the officer holding it can issue writs of garnishment. The motion to quash was sustained, and judgment rendered against said garnishee in favor of the intervenor, and from this judgment the banking company appeals.

Section 2131, code 1892, provides that, at the time of issuing a writ of attachment, the officer issuing it shall, on suggestion that persons are indebted to the debtor, insert therein a command to summon such persons as garnishees.

Section 134 prescribes the form of the attachment writ to be issued by the clerk, and provides that, on demand of the plaintiff, the writ may embody a garnishment.

Section 135 authorizes the officer granting an attachment to issue duplicate and *alias* writs to the same or other counties in which the defendant may have property or debts due him, which writs shall be executed and returned in the same manner as the original writ of attachment. The clause of § 135, authorizing officers holding attachment writs to issue and serve writs of garnishment, is set out in the opinion.

*Dodd & Armistead*, for appellant.

The decision of the circuit court practically repeals § 2121, code 1892, which authorizes the officer issuing the writ of attachment to insert a command to summon the persons suggested as garnishees. This means a command to the sheriff to summon the garnishees, not to issue a writ of garnishment for them, for that power is given in § 136. The power granted to the sheriff by § 136 to issue and serve garnishment writs merely placed beyond question the power formerly possessed by him to summon as garnishees persons found to be indebted. It was intended to meet emergencies where the sheriff makes levies when the officer who issued the attachment writ is not accessible. Section 134 requires that the attachment writ, on demand of the plaintiff, shall embody a garnishment. It follows that the circuit clerk can issue the writ of garnishment. Section 2133, code 1892, prescribes the form of the garnishment when issued by the sheriff, and necessarily implies that it may also be issued by other officers. Construing all the several sections together, we think their meaning is to give to the sheriff an added power, while the clerk retains all the power to issue garnish-

ment writs which he formerly possessed, and which power is as old as the attachment law itself.

*Calhoon & Green,* for appellee.

Only that officer can issue valid process who is empowered to do so by statute. Where time or place is specified in the power, it must be exercised accordingly or be void. The code of 1892 nowhere authorizes the clerk to issue a writ of garnishment in attachment against debtors. By §§ 2130 and 2132, he may do so on judgments and decrees, on suggestions in writing by the plaintiff. In attachment cases he may insert in the writ a command to summon persons suggested as garnishees, but this only " at the time of issuing the writ of attachment." Code 1892, § 2131.

Section 136, code 1892, changes the former law, and lodges with the sheriff the power to issue and serve writs of garnishment in attachment. Section 2133 prescribes the form of such writs, while § 2132 gives the form for the clerk's writs on judgments and decrees, but no form is prescribed for writs of garnishment by the clerk in attachment suits. *Ita lex scripta est.*

WOODS, J., delivered the opinion of the court.

The contention of appellee is that the clerk of a circuit court is absolutely powerless to issue a writ of garnishment under the various provisions of the code of 1892 on that subject. His functions are limited, it is said, to inserting in a writ of attachment a command to summon the person suggested as garnishee; but this can he do only at the time of issuing a writ of attachment. Under § 136 of the code of 1892, according to this view, the sheriff alone can issue writs of garnishment.

This interpretation is too literal and narrow. Every attachment writ is a writ of garnishment also. It may not be completed so as to embody the names of those to be summoned as garnishees, but, immemorially, it has served the

purposes of, and been held and treated as, a writ of garnishment.

Section 2131, code 1892, clearly authorizes the clerk to issue a writ of garnishment as part of the writ of attachment, and this has been the only writ of garnishment authorized or known to our law prior to the adoption of the code of 1892. This § 2131, code of 1892, is a literal transcript of the law long prevailing in this state, and found in § 2422, code 1880. The same statute, in the same words, is found in § 1430, code 1871, and substantially in the code of 1857, and Hutchinson's code of 1848.

We will not be authorized to give § 136, code 1892, which authorizes the officer receiving the writ of attachment to "summon, as garnishees, by writs of garnishment, to be issued and served by himself," such rigid and literal construction as will destroy the force and effect of the language of §§ 2131, 134 and 135, code 1892, as the same have been understood and acted upon in the courts of the country for a half-century or more.

The writ of the C. C. Kelly Banking Company, which is thought to be void by the intervenors herein, was an imperfect *alias* writ of attachment and garnishment. Property insufficient to satisfy the Kelly Banking Company's debt having been levied on under a first writ, under § 135, code 1892, the attaching creditor applied to the clerk, who issued his first writ for an *alias* writ, and the clerk issued what he mistakenly supposed to be the proper writ. He issued a writ of garnishment, and omitted the *alias* writ of attachment. The writ issued was defective, but not void. It might have been amended on motion.

To make the new provision found in § 136, code 1892, harmonious with §§ 134, 135 and 2131, we must confine the operation of § 136 to those cases where the officer receiving a writ of attachment, with no suggestion contained in it of any garnishment, may be requested to summon, as garnishees, persons whose names may be then suggested to him.

His action, in issuing writs of garnishment in such cases, will harmonize with the long understood and applied meaning of the other sections touching the issue of writs of attachment and garnishment. His action will thus supplement rather than supersede the never-before-assailed power of the clerk of the circuit court to issue attachment and garnishment writs. He will issue writs of garnishment when the clerk has not.

*Reversed and remanded.*