FIRST NATIONAL BANK OF NASHVILLE *v.* FIRST NATIONAL BANK OF TUPELO ET AL.

GARNISHMENT. *Issuance by sheriff.* *Code* 1892, §§ 134, 136.

> Where a writ of attachment embodies a garnishment, as it may under § 134, code 1892, but the sheriff, instead of summoning the garnishee thereunder, issues and serves an independent writ of garnishment, as provided by § 136, code 1892, the latter writ, although unnecessary, is not invalid. *Banking Co.* v. *Robinson*, 71 Miss., 141, explained.

FROM the chancery court of Lee county.
HON. BAXTER MCFARLAND, Chancellor.
The case is stated in the opinion.

*W. R. Harper*, for appellant.

The real question in the case is whether the writs of garnishment issued and served by the sheriff are void. If so, no liens attached in favor of the Bank of Okolona and the Bank of West Point, and appellant's writ became a first charge. The recent case of *Banking Co.* v. *Robinson*, 71 Miss., 141, construes the sections of the code involved, and settles the rule that the sheriff can issue writs of garnishment only when the clerk does not. His power to issue and serve the writs exists only when he receives writs of attachment with no suggestion of garnishment contained therein. Any other view of these sections would result in inextricable confusion. The sheriff would never serve a writ from the clerk unless under duty to do so, but would always serve his own writs first.

Where the statute provides that it shall be issued by a

magistrate, the writ, if issued by the sheriff, is void. 30 Ga., 159. So of process of garnishment issued by an attorney, when it should have been issued by the clerk. 19 Fed. R., 252. The fact that the garnishee answered, does not waive this jurisdictional matter. No action of the garnishee could affect appellant's rights. *Bank* v. *West*, 67 Miss., 729.

*Clarke & Clarke*, on the same side.

*Critz & Beckett*, for First National Bank of West Point, appellee.

While the language of this court in *Banking Co.* v. *Robinson*, 71 Miss., 141, is broad enough to warrant the contention of appellant as to the proper manner of service, yet the point decided in that case was that the clerk, on the proper suggestion (which was in writing in that case), could embody a writ of garnishment in the attachment writ, and that the sheriff could serve it by delivering to the garnishee a copy of that garnishment writ. In this case, the original garnishment made out by the sheriff and a copy delivered to the garnishee were almost literal copies of the garnishment embodied in the attachment writ. The statute does not require the attachment writ, but only the writ of garnishment, to be served on the garnishee. Code 1892, § 2134. So, if the sheriff made a mistake in signing his name instead of that of the clerk, he should be permitted to amend, as was done in the case cited. The true construction of the code is that, while the clerk, on the proper suggestion in writing, may embody a writ of attachment in the garnishment writ and compel the sheriff to summon certain persons, yet the sheriff, in all cases, may issue his writ of garnishment, and where the attachment writ also embodies a garnishment he may either serve a copy of that or his own writ. In no case does he serve the attachment writ on the garnishee, but only the garnishment writ. Code 1892, §§ 134, 136, 2131, 2133, 2134.

*Allen & Robins*, for the First National Bank of Tupelo, appellee.

*Thomas J. Buchanan, Jr.*, for Bank of Okolona, appellee.

Argued orally by *W. R. Harper*, for appellee, and *Thomas J. Buchanan, Jr.*, for appellee.

COOPER, C. J., delivered the opinion of the court.

The appellee, the First National Bank of Tupelo, was summoned as garnishee in certain attachment suits brought by the other appellees against Dobbins & Dazey, a nonresident insolvent partnership. After service of the writs of garnishment, the appellant sued out an attachment in chancery against Dobbins & Dazey, and garnished the appellees as persons having property of that firm in their possession or indebted to said firm. The principal ground upon which reliance is placed by appellant, as giving it priority of right over the appellees, who sued out attachments at law, is as follows: The attorneys for the said attaching banks suggested to the officer issuing the writs of attachment that the First National Bank of Tupelo was indebted to the defendants in attachment, and the writ of attachment contained an order to the sheriff to summon that bank to answer as garnishee. The sheriff, instead of serving the writ of garnishment thus issued, issued independent writs directed to himself, as provided by § 136, code 1892, and served them on the garnishee. The appellant's contention is that, as the writ of attachment issued by the clerk embodied a writ of garnishment, there was no authority in the sheriff to issue writs to himself under § 136 of the code, and that the service of this unauthorized writ was unavailing to create a lien in favor of the plaintiffs; and, since appellant's writ of attachment in chancery was served before the rendition of the judgments in the attachments at law, the right of appellant is superior, being prior in time. The provisions on which the controversy rests

are the concluding clause of § 134 and the second clause of § 136 of the code. Section 134 provides for the form of a writ of attachment, and concludes as follows: "On demand of the plaintiff, said writ may embody a garnishment." Section 136 is as follows: "The officer receiving the writ of attachment shall forthwith levy the same, according to law, on the property of the defendant, real and personal, wherever found; and he shall summon as garnishees, by writs of garnishment, to be issued and served by himself, and duly returned, all persons indebted to the defendant, or having in possession effects belonging to him," etc.

In *Banking Co.* v. *Robinson*, 71 Miss., 141, it was contended that, since by § 136 of the code authority was given to the officer to whom the writ of attachment was directed to issue writs of garnishment directed to himself, the power no longer existed in the officer issuing the writ of attachment to embody therein a writ of garnishment. This construction we rejected, and held that, notwithstanding § 136, the officer issuing the writ of attachment could, as he previously might have done, include a writ of garnishment therein. In discussing the question there presented, the court said: "To make the new provision found in § 136, code 1892, harmonious with §§ 134, 135 and 2131, we must confine the operation of § 136 to those cases where the officer receiving a writ of attachment, with no suggestion contained in it of any garnishment, may be requested to summon, as garnishees, persons whose names may be then suggested to him. . . His action will thus supplement rather than supersede the never before assailed power of the clerk of the circuit court to issue attachment and garnishment writs. He will issue writs of garnishment when the clerk has not." While we think the purpose of the new provision was, as was said in that case, to give a supplemental writ to be issued by the officer having the original in his hands for service, for the purpose of supplying a deficiency in the original, we do not think such supplemental writ is void if it shall appear that the

original was not deficient. The supplemental writ in such case is unnecessarily but not unlawfully issued. It is the act of the officer and not of the party, and, since from necessity the officer must judge for himself of the existence or nonexistence of those conditions which authorize the writ to be issued, it is an unnecessarily harsh construction of the statute to put the risk of an erroneous decision by the officer on the litigant, or even to hold the officer to account in damages to the party as for a failure to execute the writ of attachment. No harm can possibly result from treating the implied limitation upon the right of the officer to issue the writ as directory only. At most it is a question of costs, and this can be controlled by denying to the officer unnecessarily issuing such writ any costs therefor.

The other assignments of error argued by counsel have been considered. As to these, it is sufficient to say that they disclose no ground on which the decree should be reversed; it is therefore

*Affirmed.*